## CENTRAL R. CO. OF NEW JERSEY v. MERRITT & CHAPMAN DERRICK & WRECKING CO.

(District Court, E. D. New York. November 8, 1919.)

**Shipping** ⊙⟶79—**Lighter held liable for injuries to barge pulled adrift by line to save lighter.**

A lighter, which broke loose during a storm, and which checked her way by passing a line to a barge made fast to a steamer, as a result of which the lighter saved herself, but tore the barge from her berth, *held* liable for the damage thereby occasioned to the barge.

In Admiralty. Libel by the Central Railroad Company of New Jersey against the Merritt & Chapman Derrick & Wrecking Company to recover for injuries to libelant's barge. Decree rendered for libelant.

Decree affirmed 274 Fed. 240.

Macklin, Brown & Purdy, of New York City, for libelant.
Foley & Martin, of New York City, for respondent.

GARVIN, District Judge. The accident involved in this action occurred during the unusual storm of February 26, 1918, when so much

damage was done in the harbor of New York. The libelant's boat, the barge No. 334, was made fast to the steamer Comeric, which was moored to the south side of Pier 3, Bush Docks. Astern of the No. 334, toward the entrance of the slip, and likewise moored to the Comeric, was another barge to which was made fast, on the outside, a lighter belonging to respondent. While the storm was in progress, the lighter broke loose and was being driven up into the slip, when she checked her way by passing a line to the No. 334, whose captain testified that he protested on the ground that his boat would be torn from her berth.

There is a conflict of testimony as to what followed. Libelant's witnesses testified that the result of passing the line or lines to No. 334 (which were not cast off until the No. 334 went adrift), and the consequent additional strain on the lines fastening No. 334 to the steamer was finally the breaking of the latter lines. The respondent offered proof that the line passed to the No. 334 was only to check the lighter, and that almost immediately steel cables were stretched from the lighter to the steamer, and the line that had been used for checking was loosened. At any rate, the barge No. 334 went adrift and was damaged.

It seems to me that it is more likely that the version given by libelant's witnesses is correct. With the excitement and confusion incident to a storm of this character, where damage was being everywhere inflicted, it was very natural that the lighter should have made fast to save herself. Once made fast to the No. 334, it was natural not to disturb the line, even if additional cables were stretched to the steamer. If I am correct, the case is controlled by the decision of Judge Learned Hand in Hammond v. The Barges Burns Bros. No. 34 and Walter Green (C. C. A.) 266 Fed. 269. The captain of the lighter imperiled the No. 334, and if he saved his boat thereby from injury he must make good the damage sustained by the barge.

Decree for libelant.